TYLER *et al. v.* STATE.

(Division A.   April 5, 1937.)

[173 So. 413.   No. 32657.]

**Joseph E. Brown**, of Natchez, and **Joe Upton**, of Gloster, for appellants.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

Argued orally by **Joseph E. Brown**, for appellant and by **W. D. Conn, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellants, Ben McCearley and Ed Reagin, were tried on an indictment charging them with an attempt to compel or induce Margaret Beard, a woman over the age of fourteen years, to be defiled in the manner prohibited by section 768, Code 1930, which provides that, "Every person who shall take any female over the age of fourteen years unlawfully, against her will, and by force, menace, fraud, deceit, stratagem, or duress, compel or induce her to marry him, or to marry any other person, or, to be defiled, and shall be thereof duly convicted, shall be punished by imprisonment in the penitentiary not less than five years and not more than fifteen years."

The court declined to direct the jury to return a verdict for the defendants, and the verdict returned was as follows: "We, the jury, find Louis Tyler and Dorothy Beard guilty as charged, and Ben McCearley and Ed

Reagin not guilty. We recommend the mercy of the court.''

The evidence for the State, in substance, is that Margaret Beard was living with her father and mother in Woodville. The appellant, Dorothy Beard, a sister of Margaret, was living in Natchez in a hotel reputed to be a house of ill fame. On July 2, 1936, Dorothy Beard and her codefendants went in a truck to Woodville in the early part of the night. A confession or admission of Dorothy introduced by the State indicates that she went to Woodville, at the request of Louis Tyler, for the purpose of inviting her sister, Margaret, to visit her in Natchez, and if she consented, to take her there in the truck. When they arrived in Woodville, they and Margaret, who was accompanied by a boy friend by the name of Humphreys, got together at or in front of a coffee shop in the presence of other persons, where, according to the evidence of Margaret and Humphreys, the defendants attempted to put Margaret in the truck but were prevented by Humphreys, who assisted her into the automobile in which she and Humphreys had gone to the coffee shop. Humphreys then drove this automobile towards Margaret's home, but before reaching there, the engine ceased to function and he was compelled to stop. Thereupon, the defendants who had followed them in the truck appeared, and McCearley and Reagin took Margaret, against her will, from ¦Humphreys' automobile and put her in the truck, and after they had assisted Humphreys to start his car, the truck was driven away with Margaret therein.

According to the testimony of Margaret Beard, she was carried, by the defendants, to Natchez, where she spent the night in the hotel in which her sister was living. No indignities were offered her by any of the defendants after leaving Woodville, and nothing occurred to indicate that she would, in any way, be compelled or induced to be defiled.

The next morning a deputy sheriff, on a request so to do from the Woodville authorities, went to this hotel and took Margaret and Dorothy into custody and turned them over to a Woodville police officer, who took them to Woodville and placed Dorothy in jail under a charge of abduction.

The evidence for the defendants, including that of other persons who saw all that occurred in Woodville, negatives any abduction of Margaret, and indicates that Margaret went with the defendants to Natchez of her own accord.

In order for the defendants to be guilty of an attempt to commit the crime defined by section 768, Code 1930, they must have taken Margaret unlawfully and against her will, with the intent to "by force, menace, fraud, deceit, stratagem, or duress, compel or induce her . . . to be defiled." Cf., Lampton v. State (Miss.), 11 So. 656.

The evidence for the State, if believed by the jury, warranted them in finding that Margaret was taken to Natchez by the defendants unlawfully and against her will, and while they may have believed therefrom that the purpose of the defendants in so taking Margaret was that she might have sexual intercourse with Louis Tyler, or some other person, there is nothing whatever in the evidence to warrant a finding that the defendants intended to bring this about by "force, menace, fraud, deceit, stratagem, or duress." This being true, the court below should have granted the appellants' request for a directed verdict of not guilty.

Reversed and appellants discharged.